**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LUIS RIVERA,**

          **Plaintiff,**

**-vs-**                                **Case No. 6:11-cv-723-Orl-28DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 30)**
>
> **FILED: February 15, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff's application for fees follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Docs. 28 & 29).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the

application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $2,782.25, calculated at the rate of $179.50 per hour for 15 hours of work expended in 2011 (factoring in the statutory rate of $125.00 per hour adjusted for cost of living increase of 43.6% (based on the applicable Consumer Price Index[1]). Doc. 30. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). The Commissioner is not opposed to the hours or rate sought. *See* Doc. 30-2.

Counsel also states that Plaintiff has assigned his fees to counsel (*see* Doc. 30-2 at 1) and requests that fees be paid directly to counsel. The Commissioner has indicated that he does not have any objection to Plaintiff's petition, but that the fees should be made payable to Plaintiff pending a determination of whether Plaintiff owes a debt to the federal government. If the Treasury determines that Plaintiff does not owe a debt, the fees may be forwarded to the attorney. Doc. 30-2 at 4.

Any arrangement between client and counsel is outside the purview of the judgment. Moreover, under Supreme Court precedent directly on point, *Astrue v. Ratliff*, 130 S. Ct. 2521, 2523 (June 14, 2010), EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney. *See Martin v. Astrue*, Case No. 3:08-cv-1013-J-TEM, 2010 WL 2639566, *2 (M.D. Fla.

---

[1] See United States Department of Labor Bureau of Labor Statistics, Table of Consumer Price Index. http://www.bls.gov/cpi/.

June 29, 2010) (observing that "*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice will in fact continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney"); *Whittemore v. Astrue*, No. 3:09-cv-1242-J-25MCR, 2011 WL 2144590, at *2 (M.D. Fla. May 31, 2011) (stating that the Supreme Court in *Astrue v. Ratliff*, the Supreme Court "implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney").

Plaintiff further requests that if he is successful at the administrative level and an application for attorney's fees is proper under §406(b), that he be granted an extension of thirty (30) days from receipt of the Notice of Award within which to submit his application for fees under § 406(b). At issue is the conflict between counsel's statutory right to file a petition for attorney fees under 42 U.S.C. § 406(b), and the time limits set forth in the federal and local rules. The statute allows for a court to award a reasonable attorney's fee not in excess of 25% of the past due benefits found to be due a social security claimant, "as part of its judgment." According to Rule 54 (d)(2)(B), Fed. R. Civ. P., and Local Rule 4.18(a), all claims for attorney's fees preserved by appropriate pleadings shall be asserted by separate motion filed not later than 14 days following the entry of judgment. The difficulty, of course, is that a judgment remanding the case for additional proceedings rarely (if ever) results in agency action immediate enough to give rise to a claim for attorney's fees in a timely manner. Put simply, at the time of a judgment of remand, counsel has no way of knowing whether her client's claim will be ultimately successful (thus, giving rise to counsel's own claim for attorney's fees) or not. While the Court recognizes that counsel is therefore not in a position at the time of

judgment of remand to seek fees for past-due benefits that have yet to be awarded, it is still imperative from a jurisdictional standpoint that the issue be timely preserved for consideration at a later date. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277-78 (11th Cir. 2006) (finding a petition for fees filed more than fourteen days after judgment timely in the absence of an objection from the Commissioner). The Eleventh Circuit has recognized "the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g)" recognizing that attorney's fees under contingency arrangement "cannot be established for months after remand, until the Social Security Administration determines the amount of the client's award." *Blitch v. Astrue*, 261 F. Appx. 241, 242 n. 1 (11th Cir. 2008) (unpublished) (vacating district court order finding 406(b) petition time-barred because attorney's actions were reasonable). The calculation of past-due benefits and the appropriate attorney's fee can take several months to finally determine; therefore, the 30 days shall begin to run from the date a final determination is reached. *Bergen*, 454 F.3d at 1278 n.3. The Commissioner is not opposed to the granting of the motion. Doc. 30-2.

Upon review of the supporting papers filed by Plaintiff and the Commissioner's lack of opposition, the Court finds that an award of $2,782.25 is appropriate under the EAJA. It is respectfully **RECOMMENDED** that the Clerk be **DIRECTED** to enter judgment in the amount of **$2,782.25** for attorney's fees and costs of $350.00 for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury.

It is further respectfully **RECOMMENDED** that the Court hereby reserves jurisdiction to consider a future petition for fees under 42 U.S.C.§ 406(b), with any such petition to be filed no later than 30 days after any final determination – such as receipt of the Notice of Award or the close out letter to Plaintiff's attorney – giving rise to entitlement to fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 19, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy