# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LUIS RIVERA,

          **Plaintiff,**

-vs-                                     **Case No.  6:11-cv-723-Orl-28DAB**

COMMISSIONER OF SOCIAL
SECURITY,

          **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED PETITION AND AFFIRMATION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(B)(1) (Doc. No. 34)** |
| **FILED:** | **February 22, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Stacey DeVeaux, Plaintiff's attorney, petitions this Court pursuant to 42 U.S.C. §406(b) for

authorization to charge her client a fee in the amount of $10,000.  The motion is unopposed.

      There are three statutory provisions under which attorneys representing claimants in Social

Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C.

§ 2142(d).  Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done

before the Commissioner at the administrative level. The fees awarded under Section 406(a) are paid

out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

The former Fifth Circuit has held, in a decision binding on this Court[1], that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Thus, the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits.

By contrast, the EAJA permits a *claimant* to seek an award of fees against *the government* for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. § 2412 note. *See also Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir.

---

[1]In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

Applied here, Ms. DeVeaux asserts that she has entered into a fee agreement with her client that provides for attorney fees in the amount of 25% of any past due Supplemental Security Income benefits awarded to Plaintiff. Doc. 34-1. Following reversal of the initial decision by this Court and remand to the Commissioner, Plaintiff was awarded past-due Social Security benefits in monthly amounts between $1,578.60 to $2,001.30 (adjusted for Medicare deductions, etc.) from May 2005 to January 2013[2]. The SSA calculated the amount of approved lawyer's fees, or 25% of past due benefits, as $29,835.50. Doc. 34-3. Ms. DeVeaux notes that Binder & Binder, the National Social Security Disability Advocates, LLC, also spent a substantial amount of time at the administrative level and they will seek approval of a fee under § 460(a) from the Social Security Administration which has exclusive jurisdiction to approve fees for administrative time. Doc. 34 ¶ 13. She represents that "under no circumstances will the total requested fees exceed 25% that has been withheld from the retroactive benefits awarded to the Plaintiff." Doc. 34 ¶ 13.

Ms. DeVeaux spent 15.5 hours spent on the case, and is seeking a fee much less than the maximum allowable 25% of the past-due benefits ($29,835.50). Upon receipt of the § 406(b) award, Counsel for Plaintiff plans to refund the EAJA award of $2,782.25 directly to the Plaintiff, which makes processing the payment of the approved fees less complicated for the Social Security Administration. Doc. 34-1. Plaintiff contends that a fee of $10,000 is reasonable under the provisions of 42 U.S.C. §406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed. 2d 996 (2002), and should be awarded.

---

[2]Although the SSA does not explicitly total Plaintiff's past due benefits in the award letter, extrapolating from a 25% fee of $29,835.50, the total past due award would be $119,340.

The Court agrees, but notes that any award under § 406(a) must also be less than the remainder of the 25% of past due benefits ($29,835.50) minus the § 406(b) fee awarded herein ($10,000)[3].  As explained by this Court in *Paltan v. Commissioner of Social Security,*  Case No. 6:07-cv-932-DAB; at Doc. No. 37 (July 12, 2012):

> It is clear from the statutes and the interpreting cases that the intent of the Savings Provision of the EAJA is to prevent a double recovery to the attorney, and the intent of the statutory cap is to prevent undue erosion of the clamant's benefits.  While the EAJA fee and the § 406 fee arise from different "pots" (the government pays the EAJA, the claimant pays the § 406 fee), the statutes can be harmonized by the overriding policy of seeking to ensure effective legal representation without unduly diluting the ultimate award to the disabled claimant.
> * * *
>
> Stated another way, the statutes limit any payment of fees by a claimant to no more than 25% of past due benefits. At the same time any reimbursement of fees by the government under EAJA is, under the savings provision and the fee contract, for the benefit of the client. Except in the rare circumstance that the EAJA award exceeds 25% of past due benefits, the availability of reimbursement does not allow any fee above the 25% cap.

*Id.* (calculating the § 406(b) by deducting the § 406(a) fee and the EAJA fee).  *See also Scoggins v. Commissioner of Social Sec.*, Case No. 5:08-cv-278-Oc-TBS, 2011 WL 6010300, *2 (M.D. Fla. Nov. 30, 2011) ("[w]hen attorney fees for work at the administrative level under 42 U.S.C. § 406(a) are granted, these attorney fees are subtracted from the total amount of 25% of the past-due benefit. Plaintiff's counsel is therefore only entitled to the portion of the . . . amount that remains after any attorney fees under § 406(a) have been deducted.").

As to the merits of the instant request, the undersigned noted in *Whalen v. Commissioner of Social Sec.*, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."  Case No.  6:10cv865-Orl-22DAB, 2012 WL 2798486, *2

---

[3]Determination of such a petition is for the Commissioner, in any event.

(M.D. Fla. 2012) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990)). However, "[a] fee

pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979

(7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if

the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement

involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed

by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the

attorney." *Wells*, 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriguez v. Bowen*, 865 F.2d 739, 746

(6th Cir.1989). Finally, "because section 406(b) requires an affirmative judicial finding that the fee

allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has

been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

Applied here, the Court agrees with the uncontested assertion that the amount of $10,000 is

reasonable under the principles of *Gisbrecht*.  It is respectfully **RECOMMENDED** that the Motion

be **GRANTED**, and Ms. DeVeaux be authorized to charge her client $10,000 and refund to him

directly $2,782.25 (the EAJA award), consistent with the fee agreement and the findings herein.

Failure to file written objections to the proposed findings and recommendations contained in

this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 22, 2013.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

Courtroom Deputy